CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED-for
KW
NOV 16 2005
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHAD ROBERT SHAFFER,<br>Petitioner, | )<br>) Civil Action No. 7:05CV00632<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| GENE M. JOHNSON,<br>Respondent. | ) By: Jackson L. Kiser<br>) Senior United States District Judge |

Chad Robert Shaffer, a Virginia inmate proceeding with counsel, filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Shaffer challenges the validity of his convictions in the Circuit Court for the County of Franklin. For the following reasons, Shaffer's petition is untimely and must be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1]

## BACKGROUND

On September 22, 2000, Shaffer was convicted of attempted carnal knowledge and object sexual penetration. Shaffer was sentenced to a total term of imprisonment of twenty years, with twelve years suspended. Shaffer's convictions were affirmed by the Court of Appeals of Virginia on December 4, 2001. Shaffer then filed a petition for appeal in the Supreme Court of Virginia. On July 23, 2002, the petition for appeal was refused. Shaffer did not file a petition for writ of certiorari in the United States Supreme Court.

On February 5, 2003, Shaffer filed a state habeas petition in the Circuit Court for the County of Franklin. The petition was dismissed on March 2, 2004. Shaffer appealed the dismissal of the petition to the Supreme Court of Virginia on June 1, 2004. The Supreme Court

---

[1] Rule 4 provides that the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...."

refused Shaffer's petition for appeal on October 13, 2004.

Shaffer filed the instant petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on October 12, 2005. On October 18, 2005, the court conditionally filed the petition and advised Shaffer that the petition appeared to be untimely. The court directed Shaffer to submit any additional argument and/or evidence concerning the timeliness of his petition within twenty days. Shaffer filed a response to the conditional filing order on November 7, 2005. The petition is now ripe for review.

## DISCUSSION

A one-year period of limitation applies to habeas petitions filed under § 2254. 28 U.S.C. § 2244(d)(1). Generally, the one-year period runs from the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking direct review. See § 2244(d)(1)(A).[2] However, pursuant to § 2244(d)(2), the one-year period of limitation is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2).

In this case, Shaffer appealed his convictions to the Supreme Court of Virginia. The Supreme Court of Virginia refused Shaffer's petition for appeal on July 23, 2002. Shaffer's

---

[2] Under § 2244, the one-year period of limitation begins to run on the latest of four dates: "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."
    Here, the petitioner has not alleged anything to support the court's reliance on subsections (B), (C), or (D). Therefore, I conclude that the one-year period of limitation began to run on the date the petitioner's conviction became final.

2

convictions became final ninety days later on October 21, 2002, when the time to file a petition for writ of certiorari in the United States Supreme Court expired. See Sup. Ct. R. 13(1); Griffith v. Kentucky, 479 U.S. 314, 321 n. 6 (1987). Accordingly, the one-year period of limitation under § 2244(d)(1) began to run on that date.[3]

One hundred and seven days later, on February 5, 2003, Shaffer filed a state habeas petition in the Circuit Court for the County of Franklin. Shaffer's state petition tolled the one-year period of limitation. See 28 U.S.C. § 2244(d)(2). The one-year period remained tolled until October 13, 2004, the date on which the Supreme Court of Virginia refused Shaffer's petition for appeal.[4] See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). At this point, the clock began running again on the one-year period of limitation, and the period expired 258 days later, on June 28, 2005. Shaffer did not file the instant petition until October 12, 2005, more than three months after the one-year period had expired. Therefore, the petition is time-barred under 28 U.S.C. § 2244(d)(1). Since Shaffer has not demonstrated any grounds for equitable tolling, the petition must be dismissed.

---

[3] In response to the conditional filing order, the petitioner appears to argue that the one-year period of limitation does not commence until the conclusion of state post-conviction proceedings. However, the United States Court of appeals for the Fourth Circuit has specifically rejected this argument. See Harris v. Hutchinson, 209 F.3d 325, 327-328 (4th Cir. 2000) (holding that the one-year period of limitation commences upon conclusion of direct review).

[4] The petitioner argues in a footnote that the one-year period of limitation was also tolled during the 90-day period in which he could have filed a petition for writ of certiorari in the United States Supreme Court. This argument is also without merit. See Crawley v. Catoe, 257 F.3d 395, 401 (4th Cir. 2001) (holding that "the time the petition for certiorari, which sought review of the adverse decision in the state habeas proceeding, was pending in the United States Supreme Court did not toll the one-year limitations of § 2244(d)(1)."); Stokes v. Dist. Att'y of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001) (holding that "the time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2).").

The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and all counsel of record.

**ENTER**: This 16th day of November, 2005.

*/s/ Jackson L. Kiser*
Senior United States District Judge